## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| FRANCINE PRESTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 05 C 700 |
| | ) | |
| INTERSTATE HOTELS AND | ) | |
| RESORTS, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM OPINION AND ORDER

Defendants move to dismiss and to transfer the case to the Western District of Kentucky, pursuant to 28 U.S.C. § 1404(a). We deny the motion to dismiss and grant the motion to transfer.

We deal first with the motion to dismiss, since if it were granted there would be no case to transfer. Defendants point out that Kentucky, where the incident occurred, has a one-year statute of limitations, and suit was filed almost two years later. They rely upon 735 ILCS 5/13-210, which borrows the limitations statute of the state where the claim arose for out-of-state claims. But that provision does not apply to Illinois residents, Miller v. Lockett, 98 Ill.2d 478, 457 N.E.2d 14 (1987), and plaintiff, we are told, was and is an Illinois resident.

The alleged tort took place at a hotel in Kentucky, and the occurrence witnesses (other than plaintiff and two family members) and the treaters, are all in Kentucky. Plaintiff does not object to the transfer. We conclude that the convenience of witnesses and parties, and the interests of justice, support the transfer to the Western District of Kentucky.

JAMES B. MORAN
Senior Judge, U. S. District Court

Dec 14, 2005.